WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TUNDRA MOUNTAIN HOLDINGS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MARKEL INSURANCE COMPANY, ) <br> ) <br> Defendant. ) <br> ) | No. 4:20-cv-0023-HRH |

O R D E R

Motion to Compel Rule 30(b)(6) Depositions[1]

Defendant moves pursuant to Rule 37(a)(1), Federal Rules of Civil Procedure, for an order compelling plaintiff Tundra Mountain Holdings, LLC, and its non-party affiliate, Alaska Auto Rental, Inc., to appear for Rule 30(b)(6) depositions. The motion is opposed.[2] Oral argument has not been requested and is not deemed necessary.

In March of 2021, defendant Markel Insurance deposed Peter Chapman, manager of Tundra Mountain and director and president of Alaska Auto, in his individual capacity. Beginning in August of 2022, defendant began its efforts to take Rule 30(b)(6) depositions of defendant and Alaska Auto. The parties disagreed regarding whether Rule 30(b)(6) were appropriate. Ultimately, Tundra Mountain and Alaska Auto refused to appear – despite the

---

[1]Docket No.70.

[2]Docket No. 72.

Order – Motion for Sanctions - 1 -

issuance of Rule 30(b)(6) subpoenas – unless defendant agreed to conditions which were unacceptable to defendant.

In its opposition to defendant's motion to compel Rule 30(b)(6) depositions, plaintiff relies upon Edwards v. Scripps Media, Inc., 331 F.R.D. 116 (E.D. Mich. Apr. 6, 2019), for the proposition that a party may avoid Rule 30(b)(6) depositions if, when responding to a deposition notice, "the party clearly states that it intends for its employee's prior deposition testimony to represent the testimony of the corporation." Id. at 121. Tundra Mountain and Alaska Auto argue that Mr. Chapman, by affidavit and in his capacity as manager of Tundra and a director and president of Alaska Auto, affirmed that his testimony "would be unchanged" if required to appeared for a second deposition.[3]

Tundra Mountain and Alaska Auto's opposition and brief reference to Edwards fail to identify the factors which must be met in order to foreclose a Rule 30(b)(6) deposition. Woods v. Standard Fire Ins. Co., ___ F. Supp. 3d ___, 2022 WL 677567 at *3 (E.D. Ky. Mar. 7, 2022), is more instructive than Edwards, providing:

> Designating prior witness testimony in lieu of producing an organizational representative in response to a Rule 30(b)(6) deposition notice is permitted [only] if: (1) the organization timely communicates the designated testimony to the noticing party to permit a review of the designations; (2) the designated testimony addresses the requested topic(s); and (3) a [Rule 30(b)(6)] deposition of an organizational representative would be unreasonably duplicative, cumulative, and dispro-portionate to the needs of the case. In other words, is the designation timely and on topic rendering another deposition superfluous? [Emphasis supplied.]

Defendant argues that Tundra Mountain's attempt to designate prior deposition testimony in lieu of a Rule 30(b)(6) deposition was untimely, that Tundra Mountain has failed to explain how Chapman's prior testimony fully addresses the topics listed in defendant's

---

[3]Affidavit of Peter Chapman, page 13 of 14, Docket No. 70-4.

Rule 30(b)(6) deposition notices, and that Tundra Mountain and Alaska Auto have not demonstrated that the organization depositions would be unreasonably duplicative, cumulative, or disproportionate to the needs of the case.

The court is unpersuaded that Tundra Mountain and Alaska Auto's attempt to designate Chapman's testimony in lieu of organizational testimony was untimely. Rather, Tundra Mountain and Alaska Auto's efforts to avoid Rule 30(b)(6) depositions fail because they have not shown that Chapman's prior testimony addresses the requested Rule 30(b)(6) topics. In his affidavit, Mr. Chapman says only that in a Rule 30(b)(6) deposition, his testimony would be 'unchanged."[4] Mr. Chapman's affidavit is insufficient to permit defendant Markel Insurance to "evaluate whether the prior testimony is sufficiently on point to make a subsequent deposition superfluous." See Edwards, 331 F.R.D. at 121.

The court concludes that Tundra Mountain and Alaska Auto should have provided defendant with a topic-by-topic analysis or comparison of Chapman's prior testimony and defendant's Rule (b)(6) deposition subjects. In the absence of that kind of showing by Tundra Mountain and Alaska Auto, defendant was not in a position to evaluate whether Chapman's prior testimony sufficiently addressed defendant's Rule 30(b)(6) topics. In the absence of a topic-by-topic comparison of defendant's Rule 30(b)(6) subjects and Chapman's prior testimony, the court is unable to say whether Rule 30(b)(6) depositions would or would not be unreasonably duplicative, cumulative, or disproportionate to the needs of the case.

Defendant's motion to compel the Rule 30(b)(6) depositions noticed by defendant is granted. On or before **October 27, 2022**, counsel shall confer and agree upon a date for the Rule 30(b)(6) depositions.

---

[4] Id.

Order – Motion for Sanctions - 3 -

Defendant seeks sanctions pursuant to Rule 30(d)(2), Federal Rules of Civil Procedure and seeks expenses pursuant to Rule 37(a)(5)(A), Federal Rules of Civil Procedure. This not a Rule 30(d)(2) situation. However, Rule 37(a)(5)(A) provides that where a motion to compel discovery is granted, the court <u>must</u>:

> after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Plaintiff opposes the imposition of expenses, relying upon Rule 37(a)(5)(A)(ii) which provides that "the opposing party's nondisclosure, response, or objection was substantially justified."

The parties argued extensively over whether or not defendant was seeking an impermissible, second deposition of Chapman or a proper Rule 30(b)(6) deposition. It appears that counsel for plaintiff Tundra Mountain never seriously researched the question of what must be shown in order to avoid an otherwise proper Rule 30(b)(6) deposition. Counsel's contention that Chapman's affidavit was sufficient was not substantially justified.

The court will entertain defendant's application for expenses directly attributable to the preparation and filing of defendant's motion to compel and reply memorandum.

DATED at Anchorage, Alaska, this <u> 20th </u> day of October, 2022.

<u>/s/ H. Russel Holland    </u><br>
United States District Judge