**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

TUNDRA MOUNTAIN HOLDINGS, LLC, )
                                          Plaintiff, )
     vs. )
                                          ) No. 4:20-cv-0023-HRH
MARKEL INSURANCE COMPANY, )
                                      Defendant. )
_____)

O R D E R

Motion for Punitive Damages Information[1]

Plaintiff moves for an order requiring defendant to bring AS 09.17.020(c)(3) and (c)(6) punitive damages information to the trial of this case. The motion is opposed.[2] Plaintiff has replied.[3] Oral argument has not been requested and is not deemed necessary.

In this diversity jurisdiction case, AS 09.17.020 applies with respect to the discovery of evidence relevant to the amount of punitive damages. Section -020(e) provides that such discovery may not be undertaken until "after the fact finder has determined that an award of punitive damages is allowed under (a) and (b) of this section." However, the court has discretion to:

---

[1]Docket No. 98.

[2]Docket No. 102.

[3]Docket No. 105.

Order – Motion for Punitive Damages Information                                    - 1 -

> issue orders as necessary, including directing the parties to have the information relevant to the amount of punitive damages to be determined under (c)(3) or (6) of this section available for production immediately at the close of the initial trial in order to minimize the delay between the initial trial and the separate proceeding to determine the amount of punitive damages.

AS 09.17.020(e).

Defendant has not advanced any persuasive reason why the court should not enter an order appropriate to this case based upon AS 09.17.020(e). Defendant does object to the entry of such an order "without temporal and geographic limitations[.]"[4] In this regard, and in connection with the court's ruling on a motion for a protective order,[5] the court limited plaintiff's discovery temporally "to the period of 2015-2020" and to "Alaska claims."[6] The court concluded that such limitation was necessary for purposes of confining discovery to that proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The court applies that rule for purposes of this motion to produce punitive damages information.

Defendant's alleged bad faith processing of plaintiff's property damages claim in this case is an issue which could lead to an award of punitive damages if plaintiff establishes by clear and convincing evidence that defendant engaged in outrageous or reckless conduct, AS 09.17.020(b), during a period of time relevant to the placement and administration of the insurance policy issued by defendant to plaintiff. Thus the defendant is subject to producing evidence relevant to any financial gain which defendant obtained or

---

[4] Docket No. 102 at 2.

[5] Docket No. 92.

[6] Id. at 6.

Order – Motion for Punitive Damages Information  - 2 -

expected to gain from commercial building insurance policies issued in Alaska during 2015 through 2020, and defendant's financial condition during 2015 through 2020. AS 09.17.020(c)(3) and (c)(6).

## Conclusion

Subject to defendant's right to choose not to present any financial evidence, even if the fact-finder determines that punitive damages are allowed in this case, <u>Pluid v. B.K.</u>, 984 P.3d 981, 986 (Alaska 1997), plaintiff's motion requiring defendant to bring financial gain and financial condition evidence to the trial of this case is granted. Defendant shall have available for production after the initial trial in this case financial gain information as regards the sale of commercial building insurance policies in Alaska and defendant's financial condition in the period 2015-2020 if punitive damages are allowed by the fact-finder .

DATED at Anchorage, Alaska, this  13th  day of June, 2023.

/s/   H. Russel Holland
United States District Judge