WO        IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

TUNDRA MOUNTAIN HOLDINGS, LLC, )
                                )
                     Plaintiff, )
                                )
    vs.                         )
                                )
MARKEL INSURANCE COMPANY,       )
                                )   No. 4:20-cv-0023-HRH
                     Defendant. )
_____)

O R D E R

Motion to Exclude the Testimony
and Expert Opinions of Elliot Wilson, P.E.

Defendant moves to exclude the testimony and expert opinions of Elliot Wilson, P.E.[1]

This motion is opposed.[2] Oral argument has not been requested and is not deemed necessary.

Background

Plaintiff Tundra Mountain Holdings, LLC owns a building located at 910 Old Steese

Highway in Fairbanks, Alaska. On April 2, 2018, this building "suffered damages consisting

---

[1]Docket No. 93.

[2]Docket No. 97.

-1-

of building roof failure due to snow load."[3] Plaintiff was insured by defendant Markel Insurance Company, and plaintiff submitted a claim for its loss on April 4, 2018.[4]

On April 9, 2018, plaintiff entered into an agreement with PDC Engineers "to complete a Truss Condition Investigation...."[5] PDC was to "identify damages, record existing conditions, and provide initial recommendations for further action[.]"[6] PDC's scope of work was "limited to structural truss members[,]" and "[c]alculations, design, code analysis, and drawings" were excluded from the scope of work.[7] Wilson was the PDC engineer tasked with completing the truss condition investigation.[8] On May 23, 2018, Wilson completed his report, in which he recommended that "[s]now guards ... be installed to prevent a sheading [sic] event in the future, as a sudden shed of snow is a life-safety concern."[9] Wilson also recommended "that all the rafters be replaced with new beams."[10]

---

[3] First Amended Complaint for Damages at 2, ¶ 5, Exhibit A, Notice of Removal, Docket No. 1.

[4] Id. at 2, ¶¶ 3, 6.

[5] Exhibit 11 at 1, Motion and Memorandum to Exclude the Testimony and Expert Opinions of Elliot Wilson, P.E., Docket No. 93.

[6] Id.

[7] Id.

[8] Exhibit 12, at 1, Motion and Memorandum to Exclude the Testimony and Expert Opinions of Elliot Wilson, P.E., Docket No. 93.

[9] Id. at 2-3.

[10] Id. at 3.

Based on Wilson's recommendations, on September 5, 2018, Seim Construction submitted a bid to repair the damage at plaintiff's building in the amount of $687,500.[11] Plaintiff contends that this amount should be covered by its policy with defendant.

Defendant, however, has only paid "$117,406.78" on plaintiff's claim[12] because defendant contends that the $687,500 repair estimate includes upgrades that are not required by "ordinance or law." The "Ordinance Or Law" provision in the Alaska Commercial Property Prime Enhancement endorsement in plaintiff's policy provides that "[l]osses and costs incurred in complying with recommended actions or standards that exceed actual requirements" imposed by ordinance or law "are not covered...."[13] Defendant's expert, David B. LeNorman, has opined that the snow shedding event "resulted in the structural failure of two roof trusses" and that "[n]owhere" in Wilson's May 2018 report does he "cite any communications with public authority discussing requirements due to code & ordinance reasons for upgrading the entire roofing system as opposed to repairing the two broken trusses only."[14] Thus, LeNorman opines that "without written demonstrable evidence of a

---

[11] Exhibit 2, Motion and Memorandum to Exclude the Testimony and Expert Opinions of Elliot Wilson, P.E., Docket No. 93.

[12] First Amended Complaint at 4, ¶ 12, Exhibit A, Notice of Removal, Docket No. 1.

[13] Exhibit 1 at 63, Motion and Memorandum to Exclude the Testimony and Expert Opinions of Elliot Wilson, P.E., Docket No. 93.

[14] Exhibit 9 at 1-2, Motion and Memorandum to Exclude the Testimony and Expert Opinions of Elliot Wilson, P.E., Docket No. 93.

code & ordnance [sic] requirement by the City of Fairbanks, the coverage for Code & Ordnance [sic], sometimes referred to [as] 'upgrade' coverage, would not be triggered."[15]

On April 2, 2020, plaintiff commenced this action. In its first amended complaint, plaintiff asserts a breach of contract claim, a tortious bad faith claims handling claim, and a breach of the covenant of good faith and fair dealing claim.

On June 16, 2020, as part of its initial disclosures, plaintiff identified Wilson as a fact witness who would testify "about the damage to [p]laintiff's building" and produced a copy of Wilson's May 2018 report.[16] On February 1, 2021, the deadline for expert disclosures, plaintiff disclosed Elliot Flood as its only expert witness.[17] Plaintiff has never disclosed Wilson as an expert witness.

In July 2022, Joanne Sipes, a paralegal for plaintiff's counsel, contacted Wilson regarding defendant's plan to depose him, and Sipes avers that during that conversation, she and Wilson "discussed generally the applicable building codes that were relevant to his design" and "Wilson stated that he would do further research on the code and ordinance matter to help educate counsel[.]"[18] Sipes avers that in July 2022, Wilson was "being paid

---

[15] Id. at 3.

[16] Exhibit 13 at 3-4, Motion and Memorandum to Exclude the Testimony and Expert Opinions of Elliot Wilson, P.E., Docket No. 93.

[17] Docket No. 17.

[18] Affidavit of Joanne Sipes at 2, ¶ 5, appended to Plaintiff's Memorandum in Opposition to Motion to Exclude Testimony and Expert Opinions of Elliot Wilson, P.E., (continued...)

-4-

to provide guidance to counsel on relevant code provisions and ordinances and how they had affected his repair recommendations."[19]

At his deposition on August 18, 2022, Wilson testified that certain provisions in the International Existing Building Code ("IEBC") required the replacement of all twenty-eight of the building's rafters and that his recommendation that the snow guards be installed was also required under the IEBC.[20] In addition, the day before his deposition, PDC produced documents in response to a subpoena issued by defendant. The PDC documents included drafts of Wilson's May 2018 report; calculations Wilson had run in 2022; and May 2018 emails between Wilson and Peter Chapman, plaintiff's manager, in which Chapman suggested a number of changes to Wilson's May 2018 report, changes which Wilson agreed to make.

Pursuant to Rule 37(c)(1), Federal Rules of Civil Procedure, defendant now moves to exclude "Wilson from testifying that his May 2018 'recommendations' were required by

---

[18](...continued)
Docket No. 97.

[19]Id. at 2, ¶ 6.

[20]Videotaped Deposition of Elliot Wilson at 102:7-125:19, 96:5-97:1, Exhibit 15, Motion and Memorandum to Exclude the Testimony and Expert Opinions of Elliot Wilson, P.E., Docket No. 93.

any law or ordinance as a consequence of repairs necessitated by damage resulting from the snow event"[21] on the grounds that Wilson is an undisclosed expert witness.

## Discussion

"Rule 26(a)(2) requires litigants to disclose all expert witnesses 'at the times and in the sequence that the court orders.'" Merchant v. Corizon Health, Inc., 993 F.3d 733, 739 (9th Cir. 2021) (quoting Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 827 (9th Cir. 2011)). "The disclosure of experts 'retained or specially employed to provide expert testimony in the case' must provide, among other things, a signed report with 'a complete statement of all opinions the witness will express and the basis and reasons for them,' as well as 'the facts or data considered by the witness in forming them.'" Id. (quoting Fed. R. Civ. P. 26(a)(2)(B)(i), (ii)). "Failure to comply with" these disclosure requirements "prevents a party from using the expert's non-disclosed testimony 'on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless.'" Allen v. Amer. Capital Limited, 287 F.Supp.3d 763, 794 (D. Ariz. 2017) (quoting Fed. R. Civ. P. 37(c)(1)).

Defendant argues that plaintiff has failed to comply with the expert witness disclosure requirements in connection with Wilson's 2022 opinions about building code and ordinances requirements. Plaintiff, however, argues that Wilson is not an expert witness subject to the disclosure requirements in Rule 26(a), but rather is a fact witness. And, as a fact witness,

---

[21]Motion and Memorandum to Exclude the Testimony and Expert Opinions of Elliot Wilson, P.E. at 25, Docket No. 93.

-6-

plaintiff argues that Wilson can offer his opinions as to whether his repair recommendations were required by building codes and/or ordinances.

Rule 701, Federal Rules of Evidence, governs lay opinion testimony. Rule 701 provides that

> [i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;
>
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Wilson's building code and ordinances opinions do not fall within the scope of Rule 701. These opinions are not based on what he saw or witnessed when he surveyed the damage to plaintiff's building in May 2018. They are based on the research Wilson did after plaintiff retained him in July 2022. There was nothing wrong with plaintiff using Wilson's assistance to research the applicability of building codes and ordinances. But, in doing so, plaintiff retained Wilson to offer expert opinions as to whether his May 2018 recommendations were required by building codes and/or ordinances. Wilson was not, as plaintiff contends, "simply provid[ing] research, similar to when an attorney hires a private investigator to gather information or a paralegal to perform research."[22]

---

[22]Plaintiff's Memorandum in Opposition to Motion to Exclude Testimony and Expert (continued...)

Plaintiff also argues that Wilson's building codes and ordinances testimony is not expert opinion testimony because the court could instruct the jury on the building codes and ordinances that might apply in this case and the jury could determine whether Wilson's recommendations were required by these codes and ordinances. But, even if it were correct that the court will instruct the jury as to what the applicable building codes and ordinances require, that does not mean that plaintiff can rely on Wilson's opinions about building codes and ordinances. Contrary to plaintiff's contentions, Wilson's building codes and ordinances opinions are "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Wilson's opinions that his recommendations were required by certain building codes and/or ordinances "'result[] from a process of reasoning which can be mastered only by specialists in the field.'" Fed. R. Evid. 701 advisory committee's note (quoting State v. Brown, 826 S.W.2d 530, 549 (Tenn.1992)). These opinions are based on Wilson's professional education and professional experience. They do not "'result[] from a process of reasoning familiar in everyday life[.]'" Id. (quoting State, 826 S.W.2d at 549).

Because Wilson's building code and ordinances opinions fall within the scope of Rule 702, plaintiff was required to disclose Wilson as an expert witness and provide a signed expert report from him. Because plaintiff neither disclosed Wilson as an expert witness after retaining him in July 2022 nor produced a signed expert report regarding Wilson's building

---

[22](...continued)
Opinions of Elliot Wilson, P.E. at 4, Docket No. 97.

code and ordinances opinions, plaintiff is precluded from relying on these opinions unless plaintiff can show that this disclosure failure "was substantially justified or is harmless." Fed. Rule Civ. P. 37(c)(1).

> [D]istrict courts have identified "[s]everal factors to guide the determination of whether substantial justification and harmlessness exist, including (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence."

Liberty Ins. Corp. v. Brodeur, 41 F.4th 1185, 1192 (9th Cir. 2022) (quoting Silvagni v. Wal-Mart Stores, Inc., 320 F.R.D. 237, 242 (D. Nev. 2017)). "'[T]he burden is on the party facing sanctions to prove harmlessness.'" Merchant, 993 F.3d at 741 (quoting Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001)).

Plaintiff should have known that when it retained Wilson in July 2022, it was retaining Wilson in an expert witness capacity. Had plaintiff disclosed Wilson as an expert at that time, defendant would have been able to take discovery on Wilson's building code and ordinances opinions, but it is far too late for defendant to do so now, given that Wilson has already been deposed and discovery is set to close on July 31, 2023.[23] Defendant's deposition of Wilson is not an adequate substitute for the formal, expert witness disclosures required by Rule 26(a)(2)(A) and (B). While there is nothing to suggest that plaintiff acted in bad faith in not disclosing Wilson as an expert witness in 2022, the court still concludes

---

[23]Joint Case Status Report at 2, Docket No. 95.

that plaintiff's failure to disclose Wilson as an expert witness as regards his building code and ordinances opinions was not substantially justified or harmless. Thus, Wilson's building code and ordinances testimony and opinions are excluded.[24]

Wilson may, however, offer testimony as to what he observed in 2018 when he surveyed the damage at plaintiff's building, and he may offer any opinions that he formed in 2018 which flow from those observations. This is proper lay witness testimony as it "does not arise within the scope of FRE 702[.]" United States v. Losch, 603 F.Supp.3d 795, 798 (D. Ariz. 2022). In short, plaintiff may call Wilson as a fact witness, but plaintiff cannot attempt to elicit testimony and/or opinions from Wilson as to whether the recommendations he made in his May 2018 report were required by building codes and/or ordinances. Plaintiff cannot use Rule 701, which allows lay opinion testimony, as a back door to get Wilson's expert testimony regarding building codes and ordinances into evidence.

As a final matter, there is some discussion in the parties' briefing about the documents that were produced by PDC the day before Wilson's deposition and whether plaintiff should be precluded from relying on these documents because plaintiff failed to timely produce them. The documents in question include drafts of Wilson's May 2018 report; calculations

---

[24]Plaintiff suggests that the drastic sanction of exclusion is not warranted here but plaintiff does not request a specific lesser sanction. "[A] noncompliant party must 'avail himself of the opportunity to seek a lesser sanction' by formally requesting one from the district court." Merchant, 993 F.3d at 741 (quoting Vanderberg v. Petco Animal Supplies Stores, Inc., 906 F.3d 698, 705 (8th Cir. 2018)). "Where a party does not move for a lesser sanction, ... 'the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial.'" Id. (quoting Fed. R. Civ. P. 37(c)(1)).

-10-

Wilson ran in 2022; and May 2018 emails between Wilson and Peter Chapman, plaintiff's manager, in which Chapman suggested a number of changes to Wilson's report, changes which Wilson agreed to make.

"Rule 26(a)(1)(A) requires a plaintiff to make certain initial disclosures to the defendant 'without awaiting a discovery request.'" R & R Sails, Inc. v. Ins. Co. of Pennsylvania, 673 F.3d 1240, 1245 (9th Cir. 2012). "Pursuant to subsection 26(a)(1)(A)(ii), the plaintiff must provide a copy—or a description by category and location—of all documents ... that the [plaintiff] has in its possession, custody, or control and may use to support its claims.'" Id. at 1245-46. If the plaintiff fails to disclose "any information required to be disclosed by Rule 26(a)[,]" the plaintiff is precluded from relying on that information. Id. at 1246.

Plaintiff may not rely on the calculations Wilson ran in 2022, not because of a failure to produce the documents containing the calculations, but because these calculations have to do with Wilson's building codes and ordinances testimony, which is being excluded. As for the drafts of Wilson's May 2018 report, if these drafts were sent to plaintiff, plaintiff should have produced them. Likewise, plaintiff should have produced the May 2018 emails between Chapman and Wilson. These emails would have been in plaintiff's control and custody and were plainly relevant to plaintiff's claims. However, plaintiff's failure to timely produce these documents was harmless.

Defendant complains that it was deprived of the opportunity to investigate Chapman's involvement in the drafting of Wilson's May 2018 report. But given that defendant took a Rule 30(b)(6) deposition of plaintiff in March 2023,[25] which was months after the production of the PDC documents, and given that Chapman was presumably plaintiff's Rule 30(b)(6) witness,[26] the court doubts that defendant was prejudiced by the late production of the emails and drafts of the May 2018 report which were in plaintiff's control. And, there is nothing to suggest that plaintiff acted in bad faith in not timely producing these documents.

Conclusion

Defendant's motion to exclude the expert testimony and opinions of Elliot Wilson is granted. Wilson may not offer testimony or evidence related to his July 2022 research regarding applicable building codes and ordinances. Wilson may, however, offer testimony, consistent with his May 2018 report, regarding his observations of the damage to plaintiff's building and any opinions flowing from those observations which were formed in 2018. Plaintiff is also not precluded from relying on any drafts of Wilson's May 2018 report and the May 2018 emails between Chapman and Wilson.

DATED at Anchorage, Alaska, this 21st day of June, 2023.

/s/ H. Russel Holland
United States District Judge

---

[25]Joint Case Status Report at 2, Docket No. 83.

[26]Motion to Compel [etc.] at 3, Docket No. 70 (plaintiff argued that a "Rule 30(b)(6) deposition of Tundra Mountain would impermissibly subject Chapman to a second deposition").

-12-