IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

|  |  |
|---|---|
| TUNDRA MOUNTAIN HOLDINGS, LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MARKEL INSURANCE COMPANY, )<br>)<br>Defendant. )<br>_____) | No. 4:20-cv-0023-HRH |

O R D E R

Motion to Preclude Defendant's Experts from
<u>Testifying to Law and to Insurance Contract Interpretation</u>

Plaintiff Tundra Mountain Holdings, LLC moves to preclude defendant's experts from offering opinions regarding insurance contract interpretation and from offering legal opinions.[1] This motion is opposed by defendant Markel Insurance Company.[2] Oral argument was not requested and is not deemed necessary.

Background

In the spring of 2018, a building owned by plaintiff "suffered damages consisting of building roof failure due to snow load."[3] Plaintiff was insured by defendant, and plaintiff

---

[1] Docket No. 103.

[2] Docket No. 108.

[3] First Amended Complaint for Damages at 2, ¶ 5, Exhibit A, Notice of Removal, Docket No. 1.

-1-

submitted a claim for its loss on April 4, 2018.[4] Plaintiff obtained an "estimate of repair in the amount of $687,500[.]"[5] Defendant, however, has only paid "$117,406.78" on plaintiff's claim[6] because defendant contends that the $687,500 repair estimate includes upgrades that are not required by "ordinance or law." The "Ordinance or Law" provision in the Alaska Commercial Property Prime Enhancement endorsement in plaintiff's policy provides that "[l]osses and costs incurred in complying with recommended actions or standards that exceed actual requirements" imposed by ordinance or law "are not covered...."[7]

At issue in the instant motion are the opinions and testimony of two of defendant's experts, David B. LeNorman and Robert A. Lohr. LeNorman "currently own[s] and operate[s] a successful independent insurance adjustment agency, Alaska Adjusters, in Anchorage Alaska."[8] Lohr is an "Expert Insurance Consultant and Witness" and was the Director of the Alaska Division of Insurance from 1999-2003.[9]

---

[4]Id. at 2, ¶¶ 3, 6.

[5]Id. at 3-4, ¶ 12.

[6]Id. at 4, ¶ 12.

[7]Exhibit 1 at 63, Motion and Memorandum to Exclude the Testimony and Expert Opinions of Elliot Wilson, P.E., Docket No. 93.

[8]Curriculum Vitae of David B. LeNorman, attachment B, LeNorman Expert Report, Appendix 1, Plaintiff's Motion and Memorandum for Order Precluding Defendant's Experts from Testifying to Law and to Insurance Contract Interpretation, Docket No. 103.

[9]Curriculum Vitae of Robert A. Lohr at 1, attached to Expert Report of Robert A. Lohr, Appendix 2, Plaintiff's Motion and Memorandum for Order Precluding Defendant's (continued...)

Plaintiff now moves to exclude some of LeNorman's and Lohr's opinions.

Discussion

"Motions in limine are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence." Wesco Ins. Co. v. Smart Industries Corp., 469 F.Supp.3d 1003, 1006 (D. Nev. 2020). "A motion in limine 'should not be used to resolve factual disputes or weigh evidence,' but instead is appropriate only where 'the evidence [is] inadmissible on all potential grounds.'" United States v. Meech, 487 F.Supp.3d 946, 952 (D. Mont. 2020) (quoting United States v. King, 2019 WL 1167834, *1 (D. Mont. Mar. 13, 2019)). "Judges have broad discretion when ruling on motions in limine." Wesco In. Co., 469 F.Supp.3d at 1007.

As an initial matter, defendant makes a cursory argument that the instant motion is premature because neither expert has offered any testimony in this case yet. There is case law to support defendant's argument. See, e.g., In re Real Estate Associates Limited Partnership Litigation, Case No. CV 98–7035DDP (AJWX0), 2002 WL 31027451, at *2 (C.D. Cal. Aug. 29, 2002) ("[t]he [c]ourt finds that the defendants' motion in limine is premature because the plaintiffs have not relied upon Smith's report in either their own motion for partial summary judgment or their opposition to the defendants' motion for

---

⁹(...continued)
Experts from Testifying to Law and to Insurance Contract Interpretation, Docket No. 103.

summary judgment"). Nonetheless, the court finds that the instant motion is not premature. Discovery in this case will soon close and it will be helpful for the parties, as they move toward dispositive motions and a possible settlement conference, to know what expert evidence they may rely on. If for some reason, the court cannot determine whether a particular opinion is admissible at this time, the court will reserve ruling on that opinion. But, there is no reason for the court to delay ruling on the instant motion in its entirety.

Turning then to the merits of the motion, "Federal Rule of Evidence 702(a) requires that expert testimony 'help the trier of fact to understand the evidence or to determine a fact in issue.'" United States v. Diaz, 876 F.3d 1194, 1196 (9th Cir. 2017). "Federal Rule of Evidence 704(a) clarifies that '[a]n opinion is not objectionable just because it embraces an ultimate issue.'" Id. "Consistent with Rule 704(a), ... 'an expert witness cannot give an opinion as to h[is] legal conclusion, i.e., an opinion on an ultimate issue of law.'" Id. (quoting Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1016 (9th Cir. 2004)). "'When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.'" Id. at 1197 (quoting United States v. Duncan, 42 F.3d 97, 101 (2d Cir. 1994)). "Similarly, instructing the jury as to the applicable law 'is the distinct and exclusive province' of the court." Hangarter, 373 F.3d at 1016 (quoting United States v. Weitzenhoff, 35 F.3d 1275, 1287 (9th Cir. 1993)).

But, "if the terms used by an expert witness do not have a specialized meaning in law and do not represent an attempt to instruct the jury on the law, or how to apply the law to the facts of the case, the testimony is not an impermissible legal conclusion." Diaz, 876 F.3d at 1199. Moreover, an expert "witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible." Hangarter, 373 F.3d at 1017. For example, in Hangarter, the court found that although the expert witness' testimony "that [d]efendants departed from insurance industry norms relied in part on his understanding of the requirements of state law, specifically California's Unfair Settlement Claims Practice § 2695," this testimony was not rendered impermissible. Id. The court explained that the expert witness' "references to California statutory provisions—none of which were directly at issue in the case—were ancillary to the ultimate issue of bad faith." Id. In addition, courts have found that expert testimony regarding what is "customary in the industry" or "what is customarily done in contracts," is not "a legal conclusion" or an "interpretation of the contract[.]" Wells Fargo Bank N.A. v. LaSalle Bank Nat'l Ass'n, Case No. 2:08–CV–1448 JCM (RJJ), 2011 WL 743748, at *5 (D. Nev. Feb. 23, 2011) (emphasis omitted).

LeNorman

In his expert report, LeNorman opines that "[i]t is my professional opinion that without written demonstrable evidence of a code & [ordinance] requirement by the City of Fairbanks, the coverage for Code & [Ordinance], sometimes referred to [as] 'upgrade

coverage,' would not be triggered."[10]  Plaintiff moves to exclude this opinion because LeNorman is expressing an opinion about the interpretation of plaintiff's insurance contract with defendant and because he is expressing a legal opinion as to whether plaintiff's loss is covered by the insurance policy.

"The interpretation of an insurance policy is a question of law." Stanford Ranch, Inc. v. Maryland Cas. Co., 89 F.3d 618, 624 (9th Cir. 1996). Expert "testimony cannot be used to provide legal meaning or interpret [insurance] policies as written." McHugh v. United Service Auto. Ass'n, 164 F.3d 451, 454 (9th Cir. 1999). Yet, according to plaintiff, this is exactly what LeNorman is doing in the "trigger" opinion, expressing his opinion about the legal meaning of the insurance policy in question. Thus, plaintiff argues that LeNorman's "trigger" opinion should be excluded.

In its opposition, defendant devotes a fair amount of space to arguing that some of LeNorman's other opinions are permissible because they pertain to what is customary in the industry. But, the only LeNorman opinion that plaintiff seeks to exclude is his "trigger" opinion. Defendant's argument that some of LeNorman's other opinions should not be excluded is irrelevant.

As for the "trigger" opinion, defendant has pointed out that it may be proper "for an expert to interpret or construe a contract" if the "contract is deemed ambiguous or there is

---

[10]LeNorman Expert Report, Appendix 1 at 3, Plaintiff's Motion and Memorandum for Order Precluding Defendant's Experts from Testifying to Law and to Insurance Contract Interpretation, Docket No. 103.

-6-

a term of the contract that requires an expert's explanation[.]" Aya Healthcare Services, Inc. v. AMN Healthcare, Inc., 613 F.Supp.3d 1308, 1320 (S.D. Cal. 2020). The court has not yet had to determine whether the "law and ordinance" provision in the insurance policy is ambiguous. But, should the court, at some point, find the provision ambiguous, then LeNorman's opinion would be admissible. Thus, the court declines to exclude LeNorman's "trigger" opinion at this time. The admissibility of LeNorman's "trigger" opinion will be better addressed in the context of a dispositive motion or at trial.

Lohr

Lohr's expert report is in the form of an affidavit, and plaintiff seeks to exclude a number of the paragraphs in the affidavit.

Paragraphs 20 and 21. In these paragraphs, Lohr opines:

> 20. The Division is responsible for enforcing the Unfair Claims Settlement Practices Act (UCSPA) and regulations. There is neither a private right of enforcement in Alaska nor in most other states. AS 21.36.125(b), OK Lumber. State Farm Mut. Auto Ins. Co. v. Weiford, 831 P.2d 1264 (Alaska 1992)[.] The denial of a private cause of action was adopted by the Alaska Legislature and codified in 2000.
>
> 21. The NAIC Unfair Claims Practices Model Act includes a Drafting Note that states: Any jurisdiction which may choose to provide for a private cause of action should consider a different regulatory scheme. This regulation

is inherently inconsistent with a private cause of action.[11]

The first sentence in paragraph 20 is admissible because it is a factual statement about what the Alaska DOI does. As defendant points out, this testimony would provide "aid and context to the jury."[12] The rest of paragraph 20 is excluded as Lohr is stating what the law in Alaska is, which an expert is not permitted to do. Paragraph 21 is excluded because it is irrelevant.

paragraph 31. In this paragraph, Lohr opines that

> [b]ased on the documents produced in discovery, th[e] claim file appears to be incomplete, in my opinion. Based on the actions reported in some correspondence, it seems clear other actions were taken by Markel that are not reflected in the claim file. However, the correspondence available for review is unambiguous and clearly stated. In Alaska Court to prove bad faith, a plaintiff must establish "the absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim. It is apparent, then that the tort of bad faith is an intentional one...." Hillman v. Nationwide Mut. Fire Ins. Co., 855 P.2d 1321, 1324 (Alaska 1993)....[13]

---

[11]Expert Report of Robert A. Lohr, Appendix 2 at 5-6, Plaintiff's Motion and Memorandum for Order Precluding Defendant's Experts from Testifying to Law and to Insurance Contract Interpretation, Docket No. 103.

[12]Opposition to Plaintiff's Motion for Order Precluding Defendant's Experts from Testifying to Law and to Insurance Contract Interpretation at 8, Docket No. 108.

[13]Lohr Expert Report, Appendix 2 at 7-8, Plaintiff's Motion and Memorandum for Order Precluding Defendant's Experts from Testifying to Law and to Insurance Contract Interpretation, Docket No. 103.

The first three sentences of this paragraph are admissible. In these sentences, Lohr is expressing an opinion about the completeness of the claims file in this case. In other words, he is expressing an opinion about the facts in this case. But, in the last two paragraphs, Lohr is attempting to instruct as to the law as it pertains to insurance bad faith claims, which an expert cannot do. Lohr's opinions in the last two sentences of paragraph 31 are excluded.

paragraph 32. In this paragraph, Lohr opines that "[a]s the former chief insurance regulator[,] I know that insurance bad faith in Alaska requires knowledge or reckless disregard of the lack of a reasonable basis for claims action. It must be willful."[14]

Contrary to defendant's argument, in this paragraph, Lohr is not expressing an opinion about defendant's compliance with industry standards and Alaska regulations. Rather, Lohr is instructing on what the law is in Alaska as it pertains to an insurance bad faith claim, which an expert is not permitted to do. Lohr's opinions in paragraph 32 are excluded.

paragraph 33. In this paragraph, Lohr opines that

> [i]n Hillman II there were multiple issues concerning the insurer's conduct. The claim languished for four years. Yet the Court found no bad faith. The appraisal figures were not in the split-the-difference category, but they were fairly debatable and have been extensively debated. According to Anderson, "Bad faith" by definition cannot be unintentional.[15]

---

[14]Id. at 8.

[15]Id.

Again, contrary to defendant's argument, in this paragraph, Lohr is not offering an opinion about defendant's compliance with industry standards. Rather, he is instructing on what the law is in Alaska as it pertains to an insurance bad faith claim, which an expert is not permitted to do. Lohr's opinions in paragraph 33 are excluded.

paragraph 34. In this paragraph, Lohr opines that

> [t]he [p]laintiff's allegations of bad faith are unfounded. Markel had a reasonable basis for the claims actions taken. The claims position taken by Markel was fairly debatable. Certainly there was nothing outrageous in Markel's [handling?] of this case, so no punitive damages award would be justified. There is no clear and convincing evidence in the record.[16]

In the second and third sentences in this paragraph, Lohr is expressing an opinion about defendant's handling of the claim, which is permissible expert testimony. While he is using some legal terms, he is not "attempt[ing] to instruct the jury on the law," or "apply[ing] the law to the facts of the case[.]" Diaz, 876 F.3d at 1199. But, Lohr's opinions that plaintiff's allegations of bad faith are unfounded, that punitive damages are not justified, and that there is no clear and convincing evidence in this case are legal conclusions. Thus, Lohr's opinions in the first sentence and the last two sentences of paragraph 34 are excluded.

paragraph 35. In this paragraph, Lohr opines that

> [p]laintiff's allegations of bad faith are unfounded. Markel had a reasonable basis for its actions, in my opinion. The Reservation of Rights Letter was proper claims handling. It notified the insured that doubts about the validity of the claim needed to be

---

[16]Id.

> investigated. Markel's interpretation of the policy exclusion for removed or inadequately spaced rafters and removal of the vertical support members was reasonable. Please see Alaska Adjusters Expert opinion dated August 12, 2021, HMA400001-4 [LeNorman report]. It was definitely fairly debatable.[17]

Lohr may offer his opinion as to whether the ROR letter complies with industry standards. As for the other opinions in this paragraph, Lohr may not offer a bald opinion that plaintiff's allegations of bad faith are unfounded or that there was a reasonable basis for defendant's actions. This does not mean, however, that Lohr cannot offer any opinions on whether defendant's interpretation of the insurance contract was reasonable or whether any of defendant's other actions conformed to industry standards. In the context of a motion for summary judgment or at trial, defendant may be able to justify the admissibility of such opinions. But for now, Lohr's opinions in paragraph 35 are not excluded.

paragraphs 36-38. In paragraph 36, Lohr opines that "[t]he claim denial was also done correctly, in accordance with the UCSPA. It not only cited the applicable policy provision, but [Markel] quoted it verbatim, including the exclusion from coverage."[18] Paragraph 37 repeats the first sentence of paragraph 36 and paragraph 38 repeats the second sentence of paragraph 36.[19]

---

[17] Id. at 8-9.

[18] Id. at 9.

[19] Id.

Plaintiff argues that the opinions in these paragraphs should be excluded because Lohr is offering an opinion regarding the interpretation of the insurance contract in question, which is not permissible as it is a question of law. But, as long as Lohr confines his testimony related to these paragraphs to opining on industry standards, it is admissible. Should Lohr stray into offering a legal conclusion, then such testimony would not be permitted. But, for now, Lohr's opinions in these paragraphs are not excluded.

paragraph 45. Paragraph 45 is a repeat of paragraphs 20 and 21, which are discussed above. Because Lohr's opinions in paragraphs 20 and 21 are excluded, his opinions in paragraph 45 are also excluded.

paragraph 46. In this paragraph, Lohr opines that "Alaska's UCSPA is modeled closely consistent with the NAIC Model Act. whether the violations of the UCSPA standards in this claim constitute a general business practice[.]"[20] It is not entirely clear what opinion Lohr is attempting to express here as there appears to be something missing. He may be attempting to opine that defendant's conduct was consistent with industry standards. But, because it is not possible to tell what opinion Lohr is attempting to offer in this paragraph, Lohr is excluded from offering any testimony or opinion related to this paragraph.

paragraph 47. In paragraph 47, Lohr opines that "[i]n OK Lumber the Alaska Supreme Court analyzed insurance trade practices found in AS 21.36.125 and concluded that the ADOI was the place they should be regulated" and then quotes a fairly long passage from

---

[20] Id. at 10.

OK Lumber.[21] Lohr can offer testimony about the Alaska DOI and how it works, but that is not what he is doing in this paragraph. Rather, he is explaining an Alaska Supreme Court case involving the DOI. Thus, Lohr's opinions in paragraph 47 are excluded.

paragraph 53. In paragraph 53, Lohr opines that "[t]he computation of the payment amount was accurate and fully compliant with the terms of the policy, its relevant exclusion and the law."[22] Once it is clear what plaintiff's insurance contract means, there may be room for opinion testimony by an expert such as Lohr as to the computation of payment amounts. Prior to that point, any testimony about the computation of payment amounts being accurate would plainly touch on contract interpretation, which is not proper testimony for an expert. But, for now, Lohr's opinion in this paragraph is not excluded as it is possible that, at some point, defendant could offer it without running into the contract interpretation problem.

paragraph 61. In this paragraph, Lohr opines that

> Markel Insurance Company's Reservation of Rights letter dated September 28, 2018 is carefully drafted. It covers the relevant policy provision, the basis for applying the exclusion to the facts of the claim and requests additional relevant information from the insured. The exclusion generally [a]llows the Insurance Services Office ISO), but adds the term "developments["] to Clause B.3.c{1}[.[23]]

---

[21]Id. at 11.

[22]Id. at 13.

[23]Id. at 15-16.

Lohr may offer the opinions expressed in the first two sentences in this paragraph. In these sentences, Lohr is expressing an opinion that defendant's ROR letter conformed with industry standards. But, because the last sentence does not make sense, Lohr is excluded from offering whatever opinion he is attempting to express in this sentence.

<u>paragraphs 62 and 63</u>. In paragraph 62, Lohr opines that "[fa]ulty workmanship is typically not defined, but courts have settled on workmanship as an unambiguous term meaning: 'the execution of manner of making or doing something.[']  <u>Kroll Construction Co. v. Great American Ins. Co.</u>, 594 F. Supp. 304 {N.D. Ga[.] 1984)."[24] In paragraph 63, Lohr opines that "[d]ifferent courts do interpret the term 'faulty, inadequate or defective workmanship' differently. This judicial uncertainty creates a reasonable basis for construing the coverage exemption differently. It is fairly debatable."[25]

Lohr's opinions in paragraphs 62 and 63 are excluded. In these paragraphs, Lohr is instructing on the law, which an expert witness may not do.

## Conclusion

Plaintiff's motion to exclude some of the opinions offered by defense experts LeNorman and Lohr is granted in part and denied in part.

DATED at Anchorage, Alaska, this 26th day of July, 2023.

/s/ H. Russel Holland<br>United States District Judge

---

[24]<u>Id.</u> at 16.

[25]<u>Id.</u>

-14-

Case 4:20-cv-00023-HRH   Document 122   Filed 07/26/23   Page 14 of 14