IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

```
TUNDRA MOUNTAIN HOLDINGS, LLC,   )
                                 )
                   Plaintiff,    )
                                 )
   vs.                           )
                                 )
MARKEL INSURANCE COMPANY,        )
                                 )   No. 4:20-cv-0023-HRH
                   Defendant.    )
_____)
```

O R D E R

Motion to Exclude Expert Opinions Developed for the Purpose of Litigation

Defendant Markel Insurance Company moves to exclude opinions from Vincent Meurlott and Chase Edstrom.[1] This motion is opposed by plaintiff Tundra Mountain Holdings, LLC.[2] Oral argument was not requested and is not deemed necessary.

Background

Plaintiff alleges that in the spring of 2018, a building it owned "suffered damages consisting of building roof failure due to snow load."[3] Plaintiff was insured by defendant, and plaintiff submitted a claim for its loss on April 4, 2018.[4]

---

[1]Docket No. 110.

[2]Docket No. 116.

[3]First Amended Complaint for Damages at 2, ¶ 5, Exhibit A, Notice of Removal, Docket No. 1.

[4]Id. at 2, ¶¶ 3, 6.

-1-

On April 9, 2018, plaintiff entered into an agreement with PDC Engineers "to complete a Truss Condition Investigation...."[5] PDC was to "identify damages, record existing conditions, and provide initial recommendations for further action[.]"[6] Elliot Wilson was the PDC engineer tasked with the job and he recommended that "[s]now guards ... be installed to prevent a sheading [sic] event in the future, as a sudden shed of snow is a life-safety concern" and "that all the rafters be replaced with new beams"[7] even though only 2 or 3 rafters were damaged. Based on PDC's recommendations, on September 5, 2018, Seim Construction submitted a bid to repair the damage to plaintiff's building in the amount of $687,500.[8] Plaintiff contends that this amount should be covered by its policy with defendant.

Defendant, however, has only paid "$117,406.78" on plaintiff's claim[9] because defendant contends that the $687,500 repair estimate includes upgrades that are not required by "ordinance or law." The "Ordinance Or Law" provision in the Alaska Commercial Property Prime Enhancement endorsement in plaintiff's policy provides that "[l]osses and

---

[5]Exhibit 11 at 1, Motion and Memorandum to Exclude the Testimony and Expert Opinions of Elliot Wilson, P.E., Docket No. 93.

[6]Id.

[7]PDC Site Visit & Evaluation Report at 2-3, Exhibit 12, Motion and Memorandum to Exclude the Testimony and Expert Opinions of Elliot Wilson, P.E., Docket No. 93.

[8]Exhibit 2, Motion and Memorandum to Exclude the Testimony and Expert Opinions of Elliot Wilson, P.E., Docket No. 93.

[9]First Amended Complaint at 4, ¶ 12, Exhibit A, Notice of Removal, Docket No. 1.

costs incurred in complying with recommended actions or standards that exceed actual requirements" imposed by ordinance or law "are not covered...."[10]

In the fall of 2018, defendant's independent adjuster, Kevin McCoshum, retained Vince Meurlott to "confirm the visual observable structural damage to the roof rafters and design a repair only for the rafters that sustained damage."[11] Meurlott is a "self-employed engineer and building inspector" whose "primary job is to look at buildings for people buying and selling with a Realtor[.]"[12] Meurlott is also "a plans examiner and building inspector for the City of North Pole" and a former plans examiner and building inspector for the City of Fairbanks.[13] Meurlott provided McCoshum with a report on October 10, 2018, which identified three locations where the rafters "were cracked and broken" and made recommendations "for the immediate correction" of those three locations.[14] Meurlott also provided McCoshum with a report dated November 6, 2018, which was "issued as a request for clarification by William Potter from the Markel Corp. to provide an opinion for what caused

---

[10]Exhibit 1 at 63, Motion and Memorandum to Exclude the Testimony and Expert Opinions of Elliot Wilson, P.E., Docket No. 93.

[11]Exhibit 1 at 1, Motion and Memorandum to Exclude Expert Opinions Developed for the Purpose of Litigation [etc.], Docket No. 110.

[12]Videotaped Deposition of Vincent Meurlott at 10:11-14, Exhibit 2, Motion and Memorandum to Exclude Expert Opinions Developed for the Purpose of Litigation [etc.], Docket No. 110.

[13]Id. at 10:21-24.

[14]Exhibit 1 at 1, Motion and Memorandum to Exclude Expert Opinions Developed for the Purpose of Litigation [etc.], Docket No. 110.

-3-

the heavy snow and the cause of loss."[15] In the November 6, 2018, report, Meurlott opined that "[t]he extra weight of the heavy snow and ice caused the failure."[16]

McCoshum then hired Chase Edstrom of Edstrom Construction to inspect the property and complete a cost estimate according to Meurlott's design.[17] Edstrom has 21 years of experience in the construction industry.[18] Edstrom's unsigned repair estimate is dated August 20, 2019, and estimated that it would cost $118,981.62 to repair plaintiff's building according to Meurlott's design.[19] Defendant's payment on plaintiff's claim in the amount of $117,406.78 was based on the August 20, 2019, repair estimate.

On April 2, 2020, plaintiff commenced this action. In its first amended complaint, plaintiff asserts a breach of contract claim, a tortious bad faith claims handling claim, and a breach of the covenant of good faith and fair dealing claim.

---

[15]Appendix 5 at 1, Plaintiff's Opposition to Defendant's Motion to Exclude Expert Opinions Developed for the Purpose of Litigation [etc.], Docket No. 116.

[16]Id.

[17]Exhibit 5 and Exhibit 7, Motion and Memorandum to Exclude Expert Opinions Developed for the Purpose of Litigation [etc.], Docket No. 110.

[18]Videotaped Deposition of Chase Edstrom at 5:17-7:25, Exhibit 4, Motion and Memorandum to Exclude Expert Opinions Developed for the Purpose of Litigation [etc.], Docket No. 110.

[19]Exhibit 8 at 8, Motion and Memorandum to Exclude Expert Opinions Developed for the Purpose of Litigation [etc.], Docket No. 110.

Both plaintiff and defendant have listed Meurlott and Edstrom as fact witnesses on their final witness lists.[20] Meurlott and Edstrom were not disclosed as expert witnesses by either defendant or plaintiff. The deadline for disclosing experts expired on February 1, 2021.[21] Fact and expert discovery closed on July 31, 2023.[22]

Meurlott was deposed on December 15, 2022. At his deposition, Meurlott testified that he believed that the installation of snow guards was required by the building code.[23]

On March 21, 2023, in opposition to defendant's motion for a protective order, plaintiff filed an affidavit from Edstrom dated March 17, 2023. In his affidavit, Edstrom avers that the estimate he sent McCoshum was incomplete and that "[h]ad the estimate been completed, it could have amounted to a repair somewhere in the range of $300,000[.]"[24] Edstrom avers that he "did not expect" that he would be hired to do the repairs to the building

---

[20]Plaintiff's Final Witness List at 2-3, Docket No. 23; Plaintiff's Final Discovery Witness List at 2-3, Docket No. 29; Defendant's Final Witness List at 3, Docket No. 30.

[21]Amended Scheduling and Planning Order at 4, Docket No. 28.

[22]Case Status at 2, Docket No. 96.

[23]Meurlott Deposition at 94:13-95:20, Exhibit 2, Motion and Memorandum to Exclude Expert Opinions Developed for the Purpose of Litigation [etc.], Docket No. 110. Defendant contends that Meurlott also expressed an opinion on the other "upgrades" that Wilson recommended, but in the portion of Meurlott's deposition that defendant has submitted as an exhibit, Meurlott only speaks about the snow guards. He does not talk about whether code required replacing all of the rafters.

[24]Affidavit of Chase Edstrom at 2, ¶ 5, Docket No. 86-24.

-5-

Case 4:20-cv-00023-HRH   Document 127   Filed 08/14/23   Page 5 of 11

because Chapman, plaintiff's owner, "usually performs his own repair work."[25] Edstrom avers that this was the reason he "was not interested in taking the time to develop the estimate Kevin McCoshum was requesting" and he avers that he told "McCoshum that I would send to him an incomplete estimate I had started with the program Xactimate."[26]

Pursuant to Rule 37(c)(1), Federal Rules of Civil Procedure, defendant now moves to exclude Meurlott's opinion that installation of snow guards was required by code and Edstrom's opinion that it would have cost approximately $300,000 to repair plaintiff's building on the grounds that these are untimely disclosed expert opinions.

## Discussion

"Rule 26(a)(2) requires litigants to disclose all expert witnesses 'at the times and in the sequence that the court orders.'" Merchant v. Corizon Health, Inc., 993 F.3d 733, 739 (9th Cir. 2021) (quoting Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 827 (9th Cir. 2011)). "Rule 26(a)(2) provides for two different types of expert disclosure: those retained or specifically employed to give expert testimony in a case, Fed.R.Civ.P. 26(a)(2)(B), and those who are not retained or specially employed, but who nonetheless may provide expert testimony, Fed.R.Civ.P. 26(a)(2)(C)." Laslovich v. State Farm Fire and Cas. Co., 307 F.R.D. 533, 535 (D. Mont. 2015). "An expert who falls into the first category is required to prepare an expert report. An expert who falls into the second category, however,

---

[25] Id. at 2, ¶ 4.

[26] Id. at 2, ¶¶ 4- 5. Plaintiff contends that McCoshum completed Edstrom's estimate and then represented that the completed version was Edstrom's.

-6-

need only provide disclosures stating both the subject matter on which the non-retained expert is expected to present evidence and a summary of the facts and opinions as to which the non-retained expert is expected to testify." Id. "Failure to comply with" these disclosure requirements "prevents a party from using the expert's non-disclosed testimony 'on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless.'" Allen v. Amer. Capital Limited, 287 F.Supp.3d 763, 794 (D. Ariz. 2017) (quoting Fed. R. Civ. P. 37(c)(1)).

Defendant argues that Meurlott and Edstrom were "retained" by plaintiff to offer expert opinions. Defendant argues that means that plaintiff was required to comply with the disclosure requirements in Rule 26(a)(2) if it intended to rely on Meurlott's snow guard opinion and Edstrom's cost estimate opinion.

Plaintiff, however, argues that it did not retain either Meurlott or Edstrom. Rather, plaintiff argues that Meurlott and Edstrom were retained by defendant and that they are defendant's witnesses, not plaintiff's witnesses.

There can be no dispute that Meurlott and Edstrom were retained by defendant in the first instance. But, for purposes of the opinions in question, Meurlott and Edstrom were retained by plaintiff.

As for Meurlott, prior to his deposition, he was provided with a copy of Wilson's deposition by plaintiff's counsel, who "advised [Meurlott] to look at [Wilson's] deposi-

tion...."[27] Meurlott testified that plaintiff's counsel told him to "go ahead and look at what Elliott said about ... the existing building code. And so, yesterday, I also went over to the City of Fairbanks and glanced at the existing building codes...."[28] Plainly, plaintiff's counsel asked Meurlott to consider whether he agreed with Wilson's code requirement opinions.

As for Edstrom, he has averred that he was contacted by plaintiff's counsel about the repair estimate he had sent to McCoshum and that when he told plaintiff's counsel that he did not recall doing the estimate, plaintiff's counsel emailed the 8-page estimate to him.[29] It was after this that Edstrom prepared his affidavit in which he avers that the estimate was incomplete and that a "complete" estimate would have been in the range of $300,000. Edstrom would have had no reason to prepare his affidavit unless he had been asked to do so by plaintiff's counsel.

The fact that plaintiff did not compensate either Meurlott or Edstrom to provide the opinions in question is irrelevant. Payment is not required in order for a witness to be considered "retained." Miesen v. Hawley Troxell Ennis & Hawley LLP, Case No. 1:10-cv-00404-DCN, 2021 WL 1124758, at *4 (D. Idaho March 24, 2021). Rather, a witness is a "retained" if the "witness considers additional information to develop opinions for

---

[27]Meurlott Deposition at 25:21-23, Exhibit 2, Motion and Memorandum to Exclude Expert Opinions Developed for the Purpose of Litigation [etc.], Docket No. 110.

[28]Id. at 27:1-5.

[29]Edstrom Affidavit at 2, ¶ 6, Docket No. 86-24.

-8-

litigation[.]" Id. Meurlott's snow guard opinion and Edstrom's cost estimate opinion were formed at plaintiff's counsel request solely for purposes of this litigation.

In addition, Meurlott's snow guard opinion and Edstrom's cost estimate opinion are expert opinions, not lay opinions. "'Rule 701 allows a lay witness to offer opinions that are (a) 'rationally based on the witness's perception,' (b) 'helpful' to the jury, and (c) 'not based on scientific, technical or other specialized knowledge within the scope of' expert testimony.'" United States v. Holguin, 51 F.4th 841, 865 (9th Cir. 2022) (quoting United States v. Gadson, 763 F.3d 1189, 1206 (9th Cir. 2014)). Both opinions require a level of expertise that goes beyond the knowledge and experience of a lay person.

But even if Meurlott and Edstrom are considered experts retained by plaintiff, which they are, plaintiff argues that it had no duty to disclose them by the February 1, 2021, expert disclosure deadline. Rule 26(a)(1)(A)(i)-(ii) provides that a party does not have to disclose the names of individuals or documents "that the disclosing party may use to support its claims or defenses" if "the use would be solely for impeachment." Plaintiff argues that the opinions at issue will only come into play if defendant were to contend that the $117,981.62 estimate was a good faith estimate that included all code and ordinance requirements. Plaintiff argues that Meurlott's and Edstrom's opinions which are at issue in this motion would then be used to impeach such a contention.

Rule 26(a)(1)(A)(i)-(ii) only applies to evidence that can be used "solely" for impeachment purposes. Both Meurlott's snow guard opinion and Edstrom's cost estimate

-9-

opinion could be used to support plaintiff's case-in-chief. Moreover, Rule 26(a)(1)(A)(i)-(ii) only applies to "initial disclosures" and does not apply to the disclosure of expert witnesses. See, e.g., Tortu v. Las Vegas Metropolitan Police Dep't, Case No. 2:03-CV-0738-RCJ-LRL, 2006 WL 8441498, at *3 (D. Nev. May 17, 2006).

Because Meurlott and Edstrom are experts retained by plaintiff for the purpose of offering the opinions in question, they should have been disclosed by the February 1, 2021, expert witness disclosure deadline and they should have prepared expert reports. Plaintiff's failure to comply with these requirements precludes plaintiff from relying on these opinions unless its failure was substantially justified or harmless.

> [D]istrict courts have identified "[s]everal factors to guide the determination of whether substantial justification and harmless-ness exist, including (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence."

Liberty Ins. Corp. v. Brodeur, 41 F.4th 1185, 1192 (9th Cir. 2022) (quoting Silvagni v. Wal-Mart Stores, Inc., 320 F.R.D. 237, 242 (D. Nev. 2017)). "[T]he burden is on the party facing sanctions to prove harmlessness." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001).

Plaintiff's failure to disclose Meurlott and Edstrom as expert witnesses was not substantially justified or harmless. Plaintiff did not learn of Meurlott's snow guard opinion until December 15, 2022, and plaintiff did not learn of Edstrom's cost estimate opinion until March 2023. Both of these dates were long after the expert witness disclosure date. But,

plaintiff could have moved to amend its witness list to add both Meurlott and Edstrom as expert witnesses. Plaintiff has not offered any explanation as to why it did not do so.

Defendant complains that it has been prejudiced by plaintiff's failure to disclose Meurlott and Edstrom as expert witnesses because it was not able to adequately cross-examine these witnesses as to foundation or basis of their opinions. But, defendant became aware of both Meurlott's snow guard opinion and Edstrom's cost estimate opinion prior to the close of discovery in this case and thus could have taken discovery as to these opinions.

But, the fact remains that plaintiff, after learning of Meurlott's snow guard opinion and Edstrom's cost estimate opinion, could have sought leave to amend its witness list to add Meurlott and Edstrom as expert witnesses. In all probability that motion would have been granted because, at that point, discovery remained open and no trial had been set. Now, discovery is closed and the parties are contemplating engaging in either a court-assisted settlement conference or private mediation. Allowing plaintiff to add expert witnesses at this point in time would delay the final stages of this litigation.

## Conclusion

Defendant's motion to exclude Meurlott's snow guard opinion and Edstrom's cost estimate opinion is granted. These opinions are excluded.

DATED at Anchorage, Alaska, this 14th day of August, 2023.

/s/ H. Russel Holland
United States District Judge